IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS EMERSON, #1720704,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | 3:12-CV-4061-G-BK |
| WILLIAM STEPHENS, Director,<br>TDCJ-CID,<br>Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

Petitioner pled guilty to unlawful possession of a firearm by a felon and was sentenced to 15 years' imprisonment. *State v. Emerson*, No. F10-35164 (Criminal District Court No. 4, Dallas County, May 25, 2011). The Texas Court of Criminal Appeals denied his state habeas application. *See Ex parte Emerson*, No. WR-77,847-03 (Tex. Crim. App. Feb. 15, 2012) (denying without written order) (Doc. 8-3 at 2). In this timely federal petition, Petitioner alleges trial court errors, ineffective assistance of counsel, and insufficiency of the evidence. (Doc. 3 at 6-7). Respondent argues the petition lacks merit, and Petitioner has filed a reply. (Docs. 9, 11).

**II. ANALYSIS**

**A.    Procedurally-Barred Claims** (Claims 1, 2(c) & (e))

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005). Failure to exhaust is

generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008).

Petitioner did not exhaust his claims that the trial court failed to hold a competency hearing (claim 1), and that counsel was ineffective for failing to call three witnesses and to present mitigating evidence at punishment (claims 2(c) & (e)). *Compare* Doc. 3 at 6-7, 14, with Doc. 8-3 at 12-16. Contrary to Petitioner's assertion, the state habeas application only raised the first claim in the context of ineffective assistance of counsel, and the State responded only on that basis. *See* Doc. 11 at 2; Doc. 8-3 at 12-16, 25. Therefore, Petitioner's failure to exhaust constitutes a procedural default that bars this Court from considering his claims absent cause and prejudice for the default, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) modified by *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012). Petitioner's pleadings, including his reply, are silent as to these considerations, and he does not address Respondent's assertion that his claims are procedurally barred. Furthermore, it is apparent from review of the record that Petitioner had the opportunity to raise in his state writ application all the claims he presents here, and simply failed to do so. Therefore, claims 1 and 2(c) & (e) should be dismissed with prejudice as unexhausted and procedurally barred.

Although not raised by Petitioner, the United States Supreme Court recently held that the limited exception to procedural default as to ineffective assistance of counsel claims recognized in *Martinez* applies in Texas. *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 1921 (2013). However, Petitioner has not shown that his underlying, unexhausted/procedurally-barred claims

(claims 2(c) and (e)) are "substantial" claims of ineffective assistance of trial counsel. *See Martinez*, 132 S. Ct. at 1319 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."). Indeed, said claims were waived by Petitioner's voluntary guilty plea, as discussed in more detail below. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (once a defendant enters a knowing, intelligent, and voluntary guilty plea, all non-jurisdictional defects in the criminal proceedings are waived except for claims of ineffective assistance of counsel relating to the voluntariness of the plea).[1]

**B.     Remaining Claims lack Merit**

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet" as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 786, 788 (2011);

---

[1] *See also Preyor v. Stephens*, ___ Fed. App'x ____, 2013 WL 3830160 at *8-9 (5th Cir. 2013) (*per curiam*) (rejecting the petitioner's reliance on *Martinez v. Ryan* exception because reasonable jurists could not debate the district court's conclusion that the petitioner's ineffective-assistance-of-trial-counsel claims were "not substantial or its alternative conclusion, on *de novo* review, that he failed to demonstrate that trial counsel rendered deficient performance and that he was prejudiced").

*Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).  The deferential standard of review applies even where the state court, as in this case, summarily denied the state application.  *See Richter*, 131 S. Ct. at 785 ("§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

Moreover, the Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'"  *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted).  In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 131 S. Ct. at 785.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687; *see also Premo v. Moore,* ___ U.S. ___, 131 S. Ct. 733, 741 (2011) (strict adherence to *Strickland* standard is very important in guilty-plea cases).  To establish prejudice in the context of a guilty plea, Petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Consequently, Petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.*

<u>Voluntariness of Guilty Plea and Ineffective Assistance of Counsel</u> (Claim 2)

Petitioner asserts that "[c]ounsel failed to represent [him] in all phases of trial," and "did nothing except force [Petitioner] to sign a plea agreement." (Doc. 3 at 6) Petitioner further contends that counsel disobeyed the trial court's order directing a competency examination, and that he proceeded with the plea hearing without "wait[ing] for an evaluation" or inquiring "into the appellant's mental state." *Id.* at 15. Petitioner argues that if trial counsel had investigated, "he would have discovered there was no evidence to support the State's case and that the State had no proof beyond a reasonable doubt that [Petitioner] committed any crime." *Id.* at 16. Petitioner avers that "counsel did absolutely nothing to represent" him, even though counsel knew Petitioner "was innocent and was just a by-stand[er]." *Id.* at 17.

Insofar as Petitioner seeks to challenge the voluntariness of his guilty plea, his claim fails. "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). A guilty plea is knowing, voluntary, and intelligent if it is done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 749-50 (1970). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Deville v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (quotation and quoted case omitted).

Respondent correctly notes that Petitioner's allegations are conclusory. Petitioner does not assert that he was unaware of the nature of the charges against him or the consequences of his guilty plea, including the applicable range of punishment. He argues only that counsel

proceeded with the guilty plea hearing, although the court had ordered a competency examination. (Doc. 3 at 15-16). However, subsequent to ordering the competency examination, the trial court found in its Judgment of Conviction that Petitioner "was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea." (Doc. 8-3 at 31, 36-37). Moreover, in the Plea Agreement Petitioner executed contemporaneously with his guilty plea, he averred: "I am the accused in the charging instrument and am mentally competent. I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequence of a plea of guilty or *nolo contender*."[2] Petitioner's assertions to the contrary here are insufficient to rebut the presumption that his plea was voluntary. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[s]olemn declarations in open court carry a strong presumption of verity"); *see also United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy.").

Petitioner's ineffective assistance claims likewise fail. Petitioner has provided no evidence that he was incompetent or suffered from a mental illness or defect, that counsel should have investigated his competency further, or that counsel forced him to plead guilty. Petitioner offers only his opinion and conclusory statement that "[i]f proper evaluation was conducted counsel would've known [Petitioner] was incompetent due to delusional thoughts and paranoid ideation." (Doc. 3 at 15). However, without evidence in the record, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and

---

[2] *See* May 25, 2011 *Plea Agreement and Waiver*, filed in Cause No. F10-35164, and available on the Dallas County internet web page.

unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).  Furthermore, Petitioner does not allege, much less establish, how counsel's performance prejudiced him – namely that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner cannot overcome the strong presumption that he received effective assistance of counsel during the guilty plea proceedings.  The state court's denial of relief on this ground was a reasonable application of federal law.  Accordingly, the second claim lacks merit.

<u>Sufficiency of the Evidence</u> (Claim 3)

Lastly, Petitioner asserts the trial court "erred in not having proof/evidence beyond a reasonable doubt that [he] committed said offense," as required by the Due Process Clause of the Fifth Amendment.  (Doc. 3 at 18; Doc. 11 at 3).  Specifically, he contends, "[t]here was no proof/evidence that [Petitioner] possessed said firearm or any narcotics."  *Id.* at 7.  However, Petitioner's knowing and voluntary guilty plea waived any challenge to the sufficiency of the evidence or any due process claim possibly stemming from it.  *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary").  Accordingly, Petitioner cannot demonstrate that the state court's decision rejecting this claim was contrary to or an unreasonable application of clearly established federal law.  Therefore, Petitioner's third claim fails.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED October 10, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE